UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE CITY DIVISION
3:12-cv-84-FDW
(3:03-cr-225-FDW-1)

| | |
|---|---|
| KENNETH LOUIS REID, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

### I. BACKGROUND

On August 8, 2006, Petitioner pled guilty to one count of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841. (3:03-cr-225, Doc. No. 52: Judgment; Doc. No. 47: Acceptance and Entry of Guilty Plea). Prior to the guilty plea, on December 22, 2003, the Government filed an Information pursuant to 21 U.S.C. § 851, contending that Petitioner had four prior felony drug convictions and was therefore subject to statutory enhancement under 21 U.S.C. § 841(b)(1)(A). (Id., Doc. No. 5: Section 851 Notice). Pursuant to a written plea agreement the Government agreed to drop all but one conviction. (Id.; Doc. No. 42 at 1: Plea Agreement; Doc. No. 68: PSR ¶ 3). The remaining conviction was a state court conviction from February 24, 1999, for Possession with Intent to Sell and Deliver

-1-

Marijuana, Case No. 99-CRS-2637, in which Petitioner was sentenced, on October 30, 2000, to seven to nine months imprisonment, suspended, and twenty-four months probation. (Id., Doc. No. 68 at 7).

On September 13, 2007, Petitioner was sentenced to 240 months imprisonment. (Id., Doc. No. 53). On March 19, 2010, Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 71). On July 6, 2010, the Fourth Circuit upheld Petitioner's conviction and sentence. United States v. Reid, 387 Fed. Appx. 352 (4th Cir. 2010).

On February 9, 2012, Petitioner filed the present Section 2255 motion contending that he is entitled to relief under an en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that the Fourth Circuit's holding in Simmons demonstrates that his prior state felony drug conviction did not qualify him for a Section 851 sentencing enhancement.

On June 21, 2012, Petitioner, by and through counsel, filed a Motion to Reduce Crack Sentence pursuant to 18 U.S.C. § 3852(c). (3:03-cr-225, Doc. No. 76). The Court denied the motion by Order entered on August 3, 2012, after the Court found that Petitioner was not entitled to relief because there was no change in the guideline calculations due to the statutory mandatory minimum sentence. (Id., Doc. No. 79).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved

without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant Motion to Vacate on February 9, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:03-cr-225. Petitioner filed a previous Motion to Vacate the same conviction and sentence on September 2, 2008, and the Court granted the Motion to Vacate on March 3, 2009, for the sole purpose of allowing Petitioner to timely pursue a direct appeal of his underlying criminal case. See (3:03-cr-225, Doc. Nos. 55; 56). Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:03-cr-225.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed.[1] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to

---

[1] In any event, Petitioner would not be entitled to Simmons relief on the merits of his Section 2255 petition because, even assuming that his prior felony drug conviction no longer qualifies under Section 851, his sentence was within the authorized, statutory maximum sentence even without the enhancement. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012) (King, J., concurring in judgment while dissenting from majority opinion).

file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

-4-

Case 3:12-cv-00084-FDW   Document 2   Filed 10/12/12   Page 4 of 5

Signed: October 12, 2012

*Frank D. Whitney*
Frank D. Whitney
United States District Judge