**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE CITY DIVISION**
**3:12-cv-84-FDW**
**(3:03-cr-225-FDW-1)**

| | | |
|---|---|---|
| **KENNETH LOUIS REID,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration of the Court's Order dated October 12, 2012, dismissing Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 4). For the reasons that follow, the Court denies the Motion for Reconsideration.

On February 9, 2012, Petitioner filed a § 2255 petition, seeking relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In the Court's prior Order dated October 12, 2012, the Court dismissed Petitioner's Motion to Vacate as a successive, unauthorized petition. The Court further noted that, in any event, Petitioner had no relief under Simmons.

On October 29, 2012, Petitioner filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling

-1-

law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4ᵗʰ Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4ᵗʰ Cir. 1994)).  Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  Id.  Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'"  Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted.  That is, Petitioner's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law.  Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708.  In sum, the Court will deny Petitioner's motion.

**IT IS, THEREFORE, ORDERED** that

1.    Petitioner's Motion for Reconsideration, (Doc. No. 4), is **DENIED**.

2.    Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack

-2-

v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).  Petitioner has failed to make the required showing.

Signed: November 1, 2012

Frank D. Whitney
United States District Judge